FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THEODORE A. NIPKO,<br><br>                Petitioner,<br><br>    v.<br><br>RONALD HAYNES,<br><br>                Respondent. | No.   1:21-cv-03085-SMJ<br><br>**ORDER DISMISSING HABEAS CORPUS PETITION** |

Before the Court is Petitioner Theodore A. Nipko's response, ECF No. 4, to the Order to Show Cause why this application for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time barred, ECF No. 3. Petitioner is in custody pursuant to a judgment of a state court and is currently incarcerated at the Stafford Creek Corrections Center. Petitioner has paid the $5.00 filing fee. Respondent has not been served.

On July 26, 2021, Petitioner was ordered to show cause why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d). ECF No. 3 at 7. Petitioner's Response fails to show cause why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d).

ORDER DISMISSING HABEAS CORPUS PETITION – 1

# HABEAS CORPUS CLAIMS

Petitioner challenges his 2008 Klickitat County Superior Court conviction after pleading guilty to first degree child molestation, for which he received a sixty-eight-month-to-life sentence.[1] ECF No. 1 at 4. Petitioner did not file a direct appeal. *Id.* at 5. An amended judgment and sentence was entered on February 2, 2009. ECF No. 1-1 at 72–82.

According to the documents attached to his Petition, Petitioner filed a motion to withdraw his guilty plea on March 16, 2009. ECF No. 1-1 at 30, 52. A review of state court records shows that the superior court transferred Petitioner's motion to the Washington State Court of Appeals, Division III, for consideration as a Personal Restraint Petition ("PRP") on September 4, 2012, and the Washington State Court of Appeals dismissed the PRP on May 9, 2013.[2] *Id.* at 30. A review of state court records shows that discretionary review was denied on September 15, 2014.

On May 13, 2015, Petitioner filed a second motion to withdraw his guilty plea. ECF No. 1-1 at 30–31, 52. That motion was denied, and the Washington State Court of Appeals dismissed Petitioner's appeal of the denial on September 1, 2016. *Id.* at 30–31. A review of state court records shows that Petitioner's motion for

---

[1] Petitioner states that he was sentenced to sixty-eight months incarceration, but his sentence was "[a]mended later" to 68months – life (Feb. 2, 2009)." ECF No. 1 at 4.
[2] *See Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (noting it is appropriate to take judicial notice of materials from another tribunal).

ORDER DISMISSING HABEAS CORPUS PETITION – 2

discretionary review was disposed of on April 6, 2017. Petitioner filed a motion for resentencing more than three years later, on July 9, 2020. ECF No. 1 at 6. The superior court transferred Petitioner's motion to the Washington State Court of Appeals for consideration as a PRP. *Id.* at 7. The Washington State Court of Appeals denied Petitioner's PRP on August 18, 2020. *Id*. The Washington State Supreme Court denied his petition for review on December 15, 2020. *Id.* at 7–8. Petitioner filed a motion to modify the Commissioner's decision, which was denied by the Washington State Supreme Court on March 3, 2021. *Id*. at 9; ECF No. 1-1 at 135. On April 14, 2021, the Washington State Court of Appeals issued a Certificate of Finality, certifying that the appellate court's Order Dismissing PRP, filed on August 18, 2020, became final on March 3, 2021. ECF No. 1-1 at 136.

As his sole ground for federal habeas corpus relief, Petitioner claims that his due process rights were violated when the trial court imposed a sentence above the standard range without any jury finding of aggravating factors. ECF No. 1 at 8. Petitioner indicates that he has fully exhausted his claim for relief. *Id.*

## FEDERAL LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for prisoners in state custody to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1); *see also Lindh v.*

*Murphy*, 521 U.S. 320, 327–28 (1997). This one-year statute of limitations bars Petitioner's habeas petition.

An inmate must seek federal habeas relief within one year after direct review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is tolled during the period in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

According to Washington's Rules of Appellate Procedure ("RAP"), the time for seeking review as a matter of right is thirty (30) days after entry of the decision of the trial court. RAP 5.2(a). Petitioner provided documents showing that an amended judgment and sentence was entered on February 2, 2009. ECF No. 1-1 at 72–82. Assuming that February 2, 2009, was the date judgment was entered, it appears that the one-year period of limitations to file a federal habeas petition began to run thirty days after that date, on March 4, 2009.

The onset of the period of limitations may be delayed if (1) the state unconstitutionally prevented a petitioner from filing on time; (2) the Supreme Court announces a new rule of law that applies retroactively to petitioners; or (3) the factual basis for a petitioner's claim could not have been known to him through "due diligence." 28 U.S.C. § 2244(d)(1)(B)–(D). In his Response to the Order to Show Cause, Petitioner asserts that his habeas corpus claim falls under the third

ORDER DISMISSING HABEAS CORPUS PETITION – 4

exception to delay the running of the limitations period. ECF No. 4 at 2. He argues that he "has demonstrated persistence in finding the violation that could not have been known to him and persevered through the vastly systemic nature of incarceration that limits, frustrates, and largely succeeds in keeping the incarcerated from the truth of the law[,]" and "[t]his constitutes extraordinary circumstances that greatly hindered [his] ability to find a factual basis in a timely manner on appeal." *Id*. at 2. Petitioner argues that "the State has and does interfere with a timely filing by it's [sic] denial of counsel and the bare and limited access to the law library" and there are "a lot of people trying to misdirect the petitioner to hide the truth." *Id*. at 5. He contends that *pro se* litigants "are untrained in the law, were dropped in prison cut off from the benefits of free society, and without an attorney are left to their own devices, to discover, understand and write on a violation of a constitutional right, all the while trying to conform to the unfamiliar rules of both State and Federal Courts." *Id*. at 6. However, Petitioner provides only conclusory assertions and presents no facts showing any grounds to delay the running of the federal limitations period.

Finally, Petitioner argues that the sentencing court was outside of its jurisdiction when it sentenced him to a maximum term of life in prison, which Petitioner argues "is well above and beyond the statutory maximum for the offense." ECF No. 4 at 3. Petitioner argues that because his sentence was imposed

ORDER DISMISSING HABEAS CORPUS PETITION – 5

in excess of the court's jurisdiction, his habeas claim falls "outside any tolling measures of the court, and cannot be time-barred." *Id*. He contends that he "properly filed" his "Motion/PRP" because it was accepted and adjudicated pursuant to an exception to the one-year time bar under Washington Revised Code Section 10.73.100(5), which states that the time limit does not apply to a petition or motion that is based on a sentence that was imposed "in excess of the court's jurisdiction." *Id*. However, Washington Revised Code Section 10.73.100(5) "governs exceptions to the one year statute of limitations for collateral attack petitions or motions in *state* court, and does not apply to federal habeas petitions." *Pascuzzi v. Uttecht*, No. C18-5299-RJB-TLF, 2018 WL 7140100 (W.D. Wash. Dec. 20, 2018), *report and recommendation adopted*, No. 18-CV-5299 RJB TLF, 2019 WL 355756 (W.D. Wash. Jan. 28, 2019).

Petitioner indicates that he filed his first motion to withdraw his guilty plea twelve days after the one-year period of limitations to file a federal habeas petition began to run, on March 16, 2009. ECF No. 1-1 at 52. State court records indicate that the motion was converted to a PRP and that it was pending in the state courts until September 15, 2014, when discretionary review was denied.

Petitioner states that he filed a second motion to withdraw his guilty plea on May 13, 2015. ECF No. 1-1 at 52. At that time, an additional 240 days of the one-year federal limitations period had expired. According to state court records, this

construed PRP was disposed of on April 6, 2017. Accordingly, Petitioner had 113 days from April 6, 2017—*i.e.*, until July 28, 2017—to file his federal petition for writ of habeas corpus.

When Petitioner filed his motion for resentencing in the superior court on July 9, 2020, the federal limitations period had already been expired for nearly three years and could not be further tolled. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed). Having failed to show an equitable basis to toll the running of the limitations period, the present habeas petition filed on June 28, 2021 is time-barred under 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Petition, **ECF No. 1**, is **DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

2. The Clerk's Office is directed to **ENTER JUDGMENT** for Respondent and **CLOSE** this file.

//
//
//
//
//

3. The Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward a copy to Petitioner.

**DATED** this 9th day of September 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING HABEAS CORPUS PETITION – 8